UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenneth Johnson,

    Plaintiff,

v.                                                                                      Case No. 14-14630

Keith Papendick, et al.,                                               Honorable Sean F. Cox

    Defendants.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This is a prisoner civil rights case. Acting *pro se*, Plaintiff Kenneth Johnson ("Plaintiff") filed his Complaint on December 8, 2014, alleging that Defendant Keith Papendick ("Papendick"), along with several others, violated his constitutional rights by denying him medical treatment, and refusing to evaluate him for a lung transplant. (Compl., Doc. #1). Plaintiff also alleges that Defendant Michigan Department of Corrections ("MDOC") is in violation of Title Two of the ADA, and that all Defendants except MDOC have negligently provided Plaintiff with medical care. (Doc. #1).

At the same time Plaintiff filed his Complaint, Plaintiff filed a Motion to Appoint Counsel. (Doc. #2). Plaintiff argued that he is indigent, that his incarceration will greatly limit his ability to litigate this case, and that his place of incarceration is not equipped with adequate materials to aid in his prosecution of this case. (Doc. #2). Plaintiff requests that the Court appoint him an attorney. This case, including all pretrial matters, was referred to Magistrate Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(A). (Doc. #15).

1

On January 21, 2015, Magistrate Judge Majzoub issued an Order Denying Plaintiff's Request for Appointment of Counsel (Order, Doc. #16). Noting that prisoners have no statutory right to counsel in civil rights cases, Magistrate Judge Majzoub denied Plaintiff's request. Magistrate Judge Majzoub found that Plaintiff has a basic understanding of the legal process due to the fact that he "adequately alleged the claims forming the basis of his § 1983 lawsuit." (Doc. #16). Magistrate Judge Majzoub concluded that "counsel at this stage of the litigation is unwarranted." (Doc. #16).

On January 30, 2015, Plaintiff filed Objections to the January 21, 2015 Order. (Objs., Doc. #26). Plaintiff objects to the January 21, 2015 Order denying his request for counsel because 1) he is critically ill, and proceeding *pro se* in this litigation is stressful; 2) counsel should be appointed because Plaintiff's "lack of legal strategy and the complex discovery rules will place [him] at a disadvantage in countering the defendants [sic] discovery tactics;" and 3) Plaintiff's medical conditions prevent him from acting on his own behalf. (Doc. #26).

Federal Rule of Civil Procedure 72 sets forth the proper procedure for objecting to a magistrate judge's order on a nondispositive matter. It provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Having considered Plaintiff's objections to Magistrate Judge Majzoub's January 21, 2015 Order, the Court agrees that the appointment of counsel is not warranted at this early stage of the litigation. As Magistrate Judge Majzoub correctly stated, appointment of counsel in a civil case is

not a constitutional right, and a motion to appoint counsel should only be granted in exceptional circumstances. (Order, Doc. #16 at 1, *citing Lavado v. Keohane*, 992 F.2d 601, 606-06 (6th Cir. 1993)). Additionally, "appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim." *Id.* (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)). Plaintiff has not yet shown that exceptional circumstances exist in this case, and it is not yet clear that Plaintiff's claims are not frivolous or extremely unlikely to succeed.[1] Magistrate Judge Majzoub's January 21, 2015 Order is neither clearly erroneous nor contrary to law. Therefore, the Court shall OVERRULE Plaintiff's Objections to Magistrate Judge Majzoub's Order Denying his Request for Appointment of Counsel.

## CONCLUSION & ORDER

For the reasons set forth above, this Court OVERRULES Plaintiff's Objections to Magistrate Judge Majzoub's Order Denying Plaintiff's Request for Appointment of Counsel. (Pl. Objs., Doc. #26).

**IT IS SO ORDERED.**

Dated: April 2, 2015                   S/ Sean F. Cox
                                        Sean F. Cox
                                        U. S. District Judge


I hereby certify that on April 2, 2015, the foregoing document was served on counsel of record via electronic means and upon Kenneth Johnson via First Class mail at the address below:

Kenneth Johnson 189941
Charles Egeler Reception and Guidance Center Annex
3855 Cooper Street
Jackson, MI 49201

                                        S/ J. McCoy
                                        Case Manager

---

[1] Currently, there are three motions to dismiss pending. (Docket Nos. #21, #25, #28).

3