UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenneth Johnson,

    Plaintiff,

v.                                                              Case No. 14-14630

Keith Papendick, *et al.*,                        Honorable Sean F. Cox

    Defendants.

_____/

## ORDER
## ADOPTING REPORT AND RECOMMENDATION AND
## DENYING MOTION TO STAY DISCOVERY AS MOOT

    Plaintiff Kenneth Johnson filed this *pro se* civil rights action, asserting claims against multiple defendants. Plaintiff also asserts state-law claims.

    This matter was referred to Magistrate Judge Mona Majzoub for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C).

    On June 4, 2015, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R) (Docket Entry No. 33) wherein she recommends that: 1) the Court deny Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction; 2) grant a Motion to Dismiss filed by Defendants Fuller, Collard, Neusbaum, Laughhunn, and Chan; 3) dismiss Plaintiff's complaint in its entirety; and 4) deny as moot Defendant Chan's motion seeking an extension of time to respond to discovery requests.

    Magistrate Judge Majzoub's R&R expressly advised Plaintiff that he was required to file

1

objections within fourteen days of receiving the R&R.  (Docket Entry No. 33 at 17).  The R&R also expressly advised that:

> Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

(*Id*. at 18).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made."  *Id*.

On June 22, 2015, Plaintiff filed Objections to the R&R.  (Docket Entry No. 35).  Plaintiff appropriately labeled his objections as objections one through seven.

As allowed by Rule 72, Defendants filed a timely response to Plaintiff's Objections on June 26, 2015.  (Docket Entry No. 36).  Defendants addressed, in the same order presented, Plaintiff's seven objections.

On July 10, 2015 – after Defendants had responded to Plaintiff's June 22, 2015 objections, and without seeking leave to do, Plaintiff filed a 17-page memorandum.  That memorandum does not contain specific objections to the R&R, but rather, repeats various arguments Plaintiff made in connection with the motions that the R&R addressed.  As such, that unauthorized filing does not contain any objections to be addressed by the Court.

Having reviewed Plaintiff's properly-made objections, (ie., those made in Docket Entry

No. 35) the Court finds them to be without merit.

With respect to his first and second "objections," Plaintiff does not object at all. Rather, he simply states that he agrees with certain conclusions of the magistrate judge. (Docket Entry No. 35 at Pg ID 468).

As to his third objection, Plaintiff disagrees with the magistrate judge's conclusion that Plaintiff's Eighth Amendment claim should be dismissed, but states no specific objection as to how he believes she erred in making that recommendation.

In his Fourth Objection, Plaintiff disagrees with the magistrate judge's recommendation to dismiss his Fifth and Fourteenth Amendment claims. He acknowledges that he was not denied medical care (*Id.* at Pg ID 468, "plaintiff makes no claim that he was denied care") but continues to disagree with the decisions made by the medical professionals who treated him. The magistrate judge properly rejected such arguments in dismissing Plaintiff's Eighth Amendment claim. (R&R at 10). The Court also concurs with the magistrate judge's conclusion that his Fifth and Fourteenth Amendment claims should be dismissed. (R&R at 12-13).

As his Fifth Objection, Plaintiff asserts that the Court should "revisit plaintiff's complaint" because he "initially sued each defendant in their individual and personal capacities." But the magistrate judge concluded that "Plaintiff cannot succeed on his claims against Defendants in their individual capacities for violation of the ADA." (R&R at 13).

In his Sixth Objection, Plaintiff objects to the magistrate judge's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims after having dismissed all federal claims. Plaintiff does not articulate any reason why this Court should exercise supplemental jurisdiction after dismissing the federal claims and this Court

declines to do so.

In Plaintiff's Seventh Objection, Plaintiff objects to the magistrate judge's recommendation that the Court deny Plaintiff's Motion for a Preliminary Injunction, stating that the "preliminary injunction will not cause substantial harm to others." But that is not the only relevant consideration in evaluating a motion seeking a preliminary injunction. The magistrate judge applied the correct mutli-factor test in evaluating the motion and the Court agrees with her conclusion that the motion should be denied because there is simply no likelihood of Plaintiff's success on the merits.

Accordingly, IT IS ORDERED that the Court ADOPTS the June 4, 2015 R&R and the Court therefore: 1) DENIES Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction; 2) GRANTS the Motion to Dismiss filed by Defendants; 3) DISMISSES Plaintiff's complaint in its entirety; and 4) DENIES AS MOOT Defendant Chan's motion seeking an extension of time to respond to discovery requests. The Court also DENIES AS MOOT, Defendants' Motion to Stay Discovery (Docket Entry No. 39).

IT IS SO ORDERED.


Dated: August 13, 2015             S/ Sean F. Cox
                                   Sean F. Cox
                                   U. S. District Judge


I hereby certify that on August 13, 2015, the foregoing document was served on counsel of record via electronic means and upon Kenneth Johnson via First Class mail at the address below:

Kenneth Johnson 189941
Charles Egeler Reception and Guidance Center Annex
3855 Cooper Street
Jackson, MI 49201

                                   S/ J. McCoy
                                   Case Manager


4